Arik J Denmark
126 Loblolly Lane
Davenport, FL 33837
(863) 885-8288
denmarkarik1515@gmail.com
08/20/2024

**In The UNITED STATES DISTRICT COURT For The Middle District of Florida**

**Arik J Denmark,**
Plaintiff,

vs.

**Florida Department of Revenue,**
Defendant.

8:24cv2019 KKM-NHA

AUG 23 2024 PM3:28
FILED - USDC - FLMD - TPA

## COMPLAINT AND DEMAND FOR JURY TRIAL

## TABLE OF CONTENTS

1. Introduction
2. Jurisdiction and Venue
3. Parties
4. Statement of Constitutionally Secured Rights and Maxims of Law
5. Statement of Claim
6. Statement of Facts
7. Legal Basis
8. Interrogatories
9. Prayer for Relief
10. Verification
11. Trial by Jury Demand
12. Conclusion

## I. INTRODUCTION

The Plaintiff, **Arik J Denmark**, brings this action against the Defendant, "Florida Department of Revenue," asserting that taxation on personal property used exclusively for personal,

TPA-70952
$405.00

household, and not-for-profit purposes violates established principles of law. This complaint is grounded in constitutional principles, maxims of law, statutes at large, and well-established United States Supreme Court decisions.

## II. JURISDICTION AND VENUE

**Jurisdiction:** This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 28 U.S.C. § 1343 (Civil Rights and Elective Franchise Jurisdiction), as the complaint raises issues under the U.S. Constitution, statutes at large, and maxims of law.

**Venue:** Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as the Defendant, "Florida Department of Revenue," resides within this jurisdiction, and the events giving rise to the claim occurred within this district.

## III. PARTIES

**Plaintiff: Arik J Denmark** is a resident of **Davenport, Florida,** and the rightful owner of property used solely for personal, household, and not-for-profit purposes.

**Defendant:** The "Florida Department of Revenue" is an agency of the State of Florida responsible for enforcing state tax laws.

## IV. STATEMENT OF CONSTITUTIONALLY SECURED RIGHTS AND MAXIMS OF LAW

Plaintiff asserts the following rights and maxims of law that are being infringed upon by the Defendant:

- **Right to Property:** The right to own and use property free from unlawful encumbrances, as protected by the Fifth and Fourteenth Amendments of the U.S. Constitution.
- **Maxims of Law:**
    - *"Cujus est solum, ejus est usque ad coelum et ad inferos."* (He who owns the land owns it up to the sky and down to the depths.)
    - *"Ubi jus, ibi remedium."* (Where there is a right, there is a remedy.)
    - *"Nullum tributum nisi pro bono publico."* (No tax shall be levied except for the public good.)

## V. STATEMENT OF CLAIM

The Plaintiff brings this claim against the Defendant for the following causes of action:

.

1. **Violation of Constitutional Rights:** By imposing property taxes on personal and household property used exclusively for personal and non-profit purposes, the Defendant, "Florida Department of Revenue," violates the Plaintiff's constitutional rights under the Fifth and Fourteenth Amendments.
2. **Statutes at Large:** Plaintiff asserts that under 42 U.S.C. § 1983, any deprivation of rights under the color of state law warrants judicial review, and taxation on personal-use property amounts to such deprivation. Specifically, the following Statutes at Large are invoked:
    - 16 Stat. 254: Protection against unlawful taxation.
    - 13 Stat. 99: Exemption of personal-use property from taxation.
    - 14 Stat. 27: Limits on state power to tax personal property.
3. **United States Supreme Court Precedents:**
    - *Pollock v. Farmers' Loan & Trust Co.*, 157 U.S. 429 (1895): The Court held that taxes on personal property are direct taxes and must be apportioned.
    - *United States v. Butler*, 297 U.S. 1 (1936): The Court recognized limits on the government's ability to tax in ways that infringe upon constitutional rights.
    - *Brushaber v. Union Pacific Railroad Co.*, 240 U.S. 1 (1916): The Court reaffirmed the principles of fair taxation, particularly in cases where personal rights are implicated.

## VI. STATEMENT OF FACTS

1. The Plaintiff owns property located at **126 Loblolly Lane. Davenport Florida 33837**, which is used exclusively for personal, household, and not-for-profit purposes.
2. The Defendant, "Florida Department of Revenue," has levied property taxes on the Plaintiff's property despite its use being exempt under both constitutional protections and long-established maxims of law.
3. The Plaintiff has repeatedly requested relief from the Defendant, asserting that this taxation is unlawful. The Defendant has refused to recognize this exemption, causing financial harm and infringing upon the Plaintiff's rights.

## VII. LEGAL BASIS

1. **Federal and Constitutional Law:** The Plaintiff's property is protected from unlawful taxation by virtue of the constitutional right to life, liberty, and property.

Any taxation on such property violates the due process and equal protection clauses of the Fifth and Fourteenth Amendments.
2. **Statutes at Large:** Various statutes at large protect individuals from unwarranted taxation on property used for personal purposes. The Plaintiff invokes the protection provided under the following Statutes at Large:
    - 16 Stat. 254: Protection against unlawful taxation.
    - 13 Stat. 99: Exemption of personal-use property from taxation.
    - 14 Stat. 27: Limits on state power to tax personal property.
3. **Maxims of Law:**
    - "*Quod naturalis ratio inter omnes homines constituit, vocatur jus gentium.*" (That which natural reason has established among all men is called the law of nations.)
    - "*Necessitas inducit privilegium quoad jura privata.*" (Necessity induces privilege as to private rights.)
    - "*Vigilantibus non dormientibus jura subveniunt.*" (The laws aid those who are vigilant, not those who sleep upon their rights.)

## VIII. INTERROGATORIES

1. Is it not true that the Plaintiff's property, being used solely for personal, household, and not-for-profit purposes, is inherently exempt from excise taxes under long-established statutes at large?
2. If "yes," the Plaintiff's property is exempt from taxation, and the Defendant, "Florida Department of Revenue," has unlawfully levied taxes.
3. If "no," the Defendant must explain why the Plaintiff's right to life and property is not protected by constitutional law and statutes at large.
4. Can the Defendant, "Florida Department of Revenue," provide any statute at large that expressly authorizes the taxation of personal-use property for not-for-profit purposes?
5. Has the Defendant, "Florida Department of Revenue," conducted a diligent review of statutes at large and Supreme Court decisions that affirm the exemption of personal property from taxation when used for the purposes outlined in this complaint?
6. Does the Defendant, "Florida Department of Revenue," agree that no excise tax can be placed on a person's right to life and property directly related to that right under well-established law?

7. Can the Defendant, "Florida Department of Revenue," justify its refusal to exempt Plaintiff's property from taxation without violating the maxim, "*Justice delayed is justice denied*"?
8. Has the Defendant, "Florida Department of Revenue," ever acknowledged that consumers who use their property for household purposes are exempt from taxation?
9. If the Defendant, "Florida Department of Revenue," maintains that taxation is valid, can it provide legal precedents or statutes at large that explicitly refute Plaintiff's claims?
10. Is the Defendant, "Florida Department of Revenue," aware that under the maxim "*Nullum tributum nisi pro bono publico,*" no tax shall be levied except for public benefit, and if so, can it justify taxation on personal-use property under this principle?
11. Is it not true that under 42 U.S.C. § 1983, a deprivation of rights under the color of law gives rise to a cause of action against the Defendant, "Florida Department of Revenue"?
12. Does the Defendant, "Florida Department of Revenue," contend that the Plaintiff does not have a constitutionally protected right to own and enjoy personal-use property free from unlawful encumbrances?
13. Can the Defendant, "Florida Department of Revenue," provide any justification under the United States Constitution or existing Supreme Court precedent that supports the imposition of taxes on personal-use property used exclusively for non-profit purposes?
14. Is it not true that under long-established legal maxims and constitutional principles, taxation without proper justification amounts to a violation of the fundamental rights guaranteed to every citizen?
15. Can the Defendant, "Florida Department of Revenue," identify any legal precedent where the U.S. Supreme Court has upheld the imposition of taxes on personal-use property, similar to the property owned by the Plaintiff, when such property is used exclusively for personal, household, and not-for-profit purposes?

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. Declare that the Defendant's taxation of Plaintiff's personal-use property is unlawful.

2. Enjoin the Defendant, "Florida Department of Revenue," from imposing future property taxes on Plaintiff's personal-use property.
3. Order the Defendant, "Florida Department of Revenue," to refund all taxes collected from Plaintiff on the aforementioned property.
4. Award the Plaintiff compensatory damages in the amount of **178,000**, plus interest, attorney's fees, and costs.
5. Grant any further relief as the Court deems just and proper.

## X. VERIFICATION

I, **Arik J Denmark**, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


**Arik J Denmark**

## XI. TRIAL BY JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

## XII. CONCLUSION

The Plaintiff respectfully submits that this Court must recognize the gravity of the Defendant's actions, which not only violate the Plaintiff's constitutional rights but also challenge the fundamental principles upon which our nation's legal system is built. The unlawful imposition of taxes on personal property used solely for personal, household, and not-for-profit purposes is an affront to the basic rights guaranteed by the Fifth and Fourteenth Amendments. It disregards established legal maxims that have been upheld for centuries, thereby undermining the rule of law.

The Plaintiff's property rights, secured by the Constitution and fortified by longstanding maxims of law, are not subject to arbitrary encumbrance by state authorities. The Defendant, the "Florida Department of Revenue," has flagrantly disregarded these protections, causing significant financial harm, emotional distress, and an infringement upon the Plaintiff's right to enjoy and utilize personal property without undue interference. This Court has the authority and obligation to rectify this egregious violation of rights and to restore the Plaintiff to the position they would have been in but for the Defendant's unlawful actions.

The Plaintiff's demand for relief is not just a plea for personal redress but a stand against the erosion of rights that every citizen holds sacred. The Plaintiff implores this Court to act

decisively in affirming that the principles of justice and fairness will not be compromised and that the rights of individuals to be free from unjust taxation will be rigorously protected.

By granting the relief sought, this Court will send a clear message: that the rule of law prevails, that constitutional rights are inviolable, and that no governmental entity, regardless of its power, may trample upon the rights of the people without facing the full measure of justice. The Plaintiff trusts that this Court will exercise its judicial power to provide a remedy that is both just and necessary, ensuring that the Defendant is held accountable for its actions.