**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ARIK J. DENMARK,

     Plaintiff,

v.                                Case No: 8:24-cv-02019-KKM-NHA

FLORIDA DEPARTMENT OF
REVENUE,

     Defendant.
_____

## ORDER DISMISSING CASE WITHOUT PREJUDICE

Arik J. Denmark sues the Florida Department of Revenue under the Due Process and Equal Protection clauses of the U.S. Constitution and state constitution, alleging that "[a]ny taxation on [Denmark's] property" is unconstitutional. Am. Compl. (Doc. 4) at 3 . Denmark requests relief in the form of an injunction against the Department of Revenue from imposing future property taxes on him, a refund of all taxes collected on his property, and an award of compensatory damages in the amount of $178,000. *Id*. at 5. Because the Eleventh Amendment bars this suit, the action must be dismissed due to lack of subject matter jurisdiction.

"Longstanding principles of federal law oblige us to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Green v. Graham*, 906 F.3d 955, 961 (11th Cir. 2018) (citing *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1542 (11th Cir. 1993)). Because the Eleventh Amendment is an "explicit limitation on federal jurisdiction," it "should be decided at an early stage [of litigation]." *Bouchard Transp. Co. v. Fla. Dep't of Envtl. Prot.*, 91 F.3d 1445, 1448

(11th Cir. 1996). Therefore, it is appropriate to address at this early stage, before the defendant has even answered.

The Eleventh Amendment bars suits against state defendants in federal court by its own citizens or citizens from other states. *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 541 (2002). Immunity can be overcome if Congress abrogated the state's immunity, the state consents to suit, or the state waives its immunity. *Cross v. Alabama*, 49 F.3d 1490, 1502 (11th Cir. 1995). The Eleventh Amendment's bar against suits extends to state agencies and even entities that "function as an 'arm of the state.' " *Ross v. Jefferson Cnty. Dep't of Health*, 701 F.3d 655, 659 (11th Cir. 2012) (quoting *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir.2003) (en banc)).

Because the Department is a state agency, it is entitled to immunity in federal court under the Eleventh Amendment. *See Brown v. Fla. Dep't of Revenue Off. of Child Support Enf't*, 697 F. App'x 692 (11th Cir. 2017) (affirming dismissal of suit against Florida Department of Revenue on grounds of Eleventh Amendment immunity). The exceptions to immunity do not apply because Florida has neither consented to suit nor waived its immunity, nor has Congress abrogated Florida's immunity.[1] *See id.* at 693. The remedy for lack of subject matter jurisdiction is "dismiss[al] without prejudice[.]" *Stalley ex rel.  United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1235 (11th Cir. 2008).

---

[1] To the extent that Denmark's claims arise under § 1983, Eleventh Amendment immunity bars those claims as well. *See* Am. Compl. at 5; *Cross*, 49 F.3d at 1502-03.

2

Accordingly, the following is **ORDERED:**

1. The Amended Complaint, (Doc. 4), is **DISMISSED without prejudice** and without leave to amend for lack of jurisdiction on the basis of Eleventh Amendment immunity.  If Denmark wishes to pursue these claims, he may choose to do so in state court to the extent possible, but they may not be re-filed in this Court.

2. The Clerk is directed to terminate any pending motions and deadlines, and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on September 30, 2024.

_____

TOM BARBER
UNITED STATES DISTRICT JUDGE\*

_____

\* Signed by Judge Thomas P. Barber to expedite the resolution of this motion. This case remains assigned to Judge Kathryn Kimball Mizelle.